JANE R. HATCH AND JOHN CONOLLY, AS ADMINISTRATORS, ETC., OF CATHARINE CURBOW, DECEASED, APPELLANTS AND RESPONDENTS, v. JOHN L. STEWART, AS EXECUTOR, ETC., OF ANGUS McDONALD, DECEASED, APPELLANT AND RESPONDENT.

*Reference of a disputed claim against the estate of a deceased person is a special proceeding — an appeal should be taken from the order of the Special Term confirming the referee's report, and not from the judgment — the plaintiff is entitled to recover his disbursements, as a matter of right, under section 317 of the Code of Procedure, which was not repealed by chapter 417 of 1877.*

APPEALS from a judgment, entered upon the confirmation of the report of a referee, in a proceeding to determine a disputed claim against the defendant's testator.

The court at General Term said: " The matter in controversy was referred, pursuant to the statute (2 R. S., 88, § 36, as amended by Laws of 1859, chap. 261). It was heard and a report made by the referee, by which he determined that the plaintiff was entitled to recover. And, upon application to this court, at Special Term, the report was confirmed. There is no appeal taken from the order, but both parties appeal from the judgment only. This is a special proceeding. (*Roe* v. *Boyle*, 81 N. Y., 305.) Provision was made for appeals from judgments in these proceedings by Laws of 1854 (chap. 270, § 1). That section was repealed by Laws of 1877 (chap. 417, § 2). And our attention is called to no remaining or subsequently enacted statute providing for such appeal. The provisions for appeals from judgments (Code Civil Pro., § 1346) do not seem applicable to special proceedings (id., § 3343, sub. 20). In them, appeals from orders are provided for (id., § 1356). But as both parties treat the case as properly here upon the merits, we will not further pursue the inquiry, or consider that question."

After considering the case upon the merits, and holding that the judgment should be modified in favor of the defendant by reducing the amount of the judgment recovered by the plaintiff, the court added:

" The modification of the judgment should be without costs of this appeal, but the recovery of disbursements, as directed by

the judgment, must stand. The plaintiff was entitled to them as matter of right, because the provisions of section 317 of the old Code to that effect were not repealed by Laws of 1877 (chap. 417). And although the entire provisions of the old Code are embraced in the repealing clause of Laws of 1880 (chap. 245, § 1, sub. 4, and § 2), the then existing right of the prevailing party to recover the fees of referees and witnesses, and other necessary disbursements in a proceeding of this character, is preserved by section 3, subdivision 8 of the same act. (*Hall* v. *Edmunds*, 67 How., 202; *Sutton* v. *Newton*, 2 id. [N. S.], 56; S. C., 15 Abb. N. C., 452; 7 N. Y. C. P., 334; *Overheiser* v. *Morehouse*, 2 How. [N. S.], 257; S. C., 16 Abb. N. C., 208; 8 N. Y. C. P., 11.)

" In *Miller* v. *Miller* (32 Hun, 481) it was held otherwise, but we think that the provisions of section 317 of the old Code, in the respect referred to, were saved from repeal by the proviso in the act of 1880, before mentioned, and are not superseded by Code of Civil Procedure (§ 3246).

" The judgment should be so modified as to make the recovery one thousand seven hundred and seventy-six dollars and eight cents, and interest thereon from the 15th day of September, 1885, with the fees of referee and witnesses and other disbursements recovered thereby, and as so modified affirmed, without costs of this appeal to either party.

*Edwin A. Medcalf*, for the plaintiffs.

*George D. Forsyth*, for the defendant.

Opinion by BRADLEY, J.; SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not sitting.

So ordered.